

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 3:26-00031 |
| v. | ) | |
| | ) | |
| HELEN BOERMAN, O.D. | ) | 18 U.S.C. § 287 |

# INFORMATION

THE UNITED STATES ATTORNEY CHARGES:

From at least February 2021 and in a continuing course of conduct until in or about October 2024, in the Middle District of Tennessee, the defendant, **HELEN BOERMAN, O.D.**, knowingly and intentionally made and presented and caused to be made and presented to the Centers for Medicare and Medicaid Services ("CMS"), a federal agency under the United States Department of Health and Human Services, claims upon and against CMS, that is, claims for reimbursement for amniotic membrane graft services, knowing that the claims were false, fictitious, and fraudulent, in that the claims represented such services were provided by means that the defendant knew were false.

All in violation of Title 18, United States Code, Section 287.

## FORFEITURE ALLEGATION

1. The allegation of this Information is re-alleged and incorporated by reference as though fully set forth herein for purposes of alleging forfeiture to the United States of certain property in which the defendant has an interest.

2. Upon conviction of the charge in the Information, the defendant, **HELEN BOERMAN, O.D.**, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(7), any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense, including, but not limited to including but not limited to the property identified below.

3. The property subject to forfeiture includes, but is not limited to, a money judgment representing the value of the gross proceeds traceable to the commission of the violation alleged in this Information.

4. If any of the property described above, as a result of any act or omission of **HELEN BOERMAN, O.D.**:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property that cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property, and it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any

other property of **HELEN BOERMAN, O.D.**, up to the value of said property listed above as subject to forfeiture.

BRADEN H. BOUCEK<br>
UNITED STATES ATTORNEY

*/s/ Sarah K. Bogni*

SARAH K. BOGNI<br>
ASSISTANT UNITED STATES ATTORNEY